■ GEORGE J. HANDLEY, Respondent, v. ALDO P. CARDAMONE et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property, defendants Cardamone appeal from a judgment of the Supreme Court, Suffolk County, entered September 22, 1964 after a nonjury trial, in favor of plaintiff, *inter alia* directing that the property be sold. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Findings of fact insofar as they are inconsistent herewith are reversed and new findings are made as indicated herein. The bond and mortgage in suit were executed by

appellants and delivered to plaintiff on May 16, 1951. Concededly, plaintiff paid no money to appellants at the time of the transaction. The parties regarded the documents as collateral security with respect to a contemplated partnership in a used-car dealer enterprise. The partnership was never consummated. Defendant Aldo P. Cardamone had previously financed the purchase of 38 used cars through a series of loans from the Patchogue Bank. He defaulted and the bank repossessed the cars and sold them at public auction to plaintiff for $4,105. Pursuant to written agreement, dated May 29, 1951, plaintiff completed payment of $4,105 to the bank for the 38 used cars and the bank gave him its bill of sale therefor. We find that plaintiff made the payment not in reduction of the indebtedness of defendant Aldo P. Cardamone to the bank, but on his own account for the purchase of the used cars. In our opinion, the mortgage in suit was executed without valid consideration. Consequently, plaintiff was not entitled to foreclosure, despite the presence of a seal on the bond. (Cf. General Construction Law, § 44-a.) Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.